IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE: JERRY MARION MORRISON, and          BK 05-71078-CMS-7
JAN L. MORRISON,

    DEBTORS.

## MEMORANDUM OF DECISION

This matter came before the court on creditor Fidelity & Deposit Company of Maryland's motion to extend the period for filing a nondischargeability action under 11 U.S.C. § 523 to allow a suit against debtors Jerry Marion Morrison and Jan L. Morrison. The court must decline to extend the deadline and the motion must be **DENIED.**

## FINDINGS OF FACT

Debtors Jerry and Jan Morrison filed their Chapter 7 bankruptcy petition on April 12, 2005. No schedules were filed with the petition, only a matrix listing creditors' names and addresses. Fidelity & Deposit Company of Maryland (F&D) with an address listed as 1050 Crown Pointe Parkway, Atlanta, Georgia, 30338, was included on the matrix. At the time of the bankruptcy, a civil action filed by F&D against the Morrisons was already pending in the United States District Court for the Northern District of Alabama. The complaint stemmed from surety bonds F&D had issued on a construction job upon which the debtor and his company had defaulted.

The Morrisons' meeting of creditors pursuant to 11 U.S.C. § 341 was originally set for May 12, 2005. The 341 notice which was sent to listed creditors also stated that the last day for objecting to the debtors' discharge or to the dischargeability of any debts was July 11, 2005. On April 27, 2005, F&D's notice of the filing of the petition and of deadlines for filing complaints was returned to the Bankruptcy Clerk's Office. (Bk Doc. 20). The day before, April 26, 2005, the debtors had

filed their schedules. (BK Doc. 18) F&D later stipulated that its attorneys had notice of the bankruptcy filing as of April 26, 2005 when the debtors filed a suggestion of bankruptcy in the District Court action.

On May 31, 2005, attorney Ryan K. Cochran filed a Notice of Appearance and Request for Notice on F&D's behalf in the bankruptcy case. (Bk Doc. 31) The parties also stipulated that an attorney representing F&D had attended the June 2, 2005 first meeting of creditors. Bankruptcy Document 59 reflects that F&D requested copies of the 341 meeting tape recordings, and that the tapes were mailed June 8, 2005. On July 14, 2005, the transcriber signed an affidavit authenticating the transcription she had prepared.

The July 11, 2005 deadline for nondischargeability action passed with no objections/lawsuits or motions to extend filed. Then, on July 12, 2005, one day after the time period lapsed, F&D filed the motion to extend the deadline which is before the court. (BK Doc. 51, as amended by BK Doc. 105 on October 20, 2005) On that same day, July 12, 2005, the creditor also filed its nondischargeability complaint. (AP 05-70031 Doc. 1.)

July 27, 2005, F&D filed a motion to dismiss the Morrisons' Chapter 7 case or to convert it to a Chapter 11 reorganization. It further requested relief from the automatic stay in order to liquidate its claim against the debtors in the District Court action. This particular memorandum/order does not concern those issues.

F&D, in its motion to extend time to file a complaint, asserted that it had been diligent in attempting to determine whether or not it had a grounds to object to the dischargeability of the indebtedness, and that the debtor would not be prejudiced by a one-day extension. F&D appeared to assert that the time required to obtain a transcription of the 341 meeting justified a post-July 11, 2005 motion to extend deadline, retroactively validating the untimely filed complaint. The court

heard the evidence and the argument of the parties on this motion (BK Doc. 108) at an October 26, 2005 hearing; and took this, and other issues, under submission for decision.

## CONCLUSIONS OF LAW

This court has jurisdiction of the Morrisons' Chapter 7 case pursuant to 28 U.S.C. § 1334(a). The court has jurisdiction of this contested matter, a core proceeding arising under 11 U.S.C. § 523 and Fed. R. Bankr. P. 4007(c), pursuant to 28 U.S.C. § 1334(b). The jurisdiction is referred to this court, pursuant to 28 U.S.C. § 157(a), by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, as Amended July 17, 1984.

### I.

**Generally, there are two schools of legal thought on the issue
of whether the court may extend the deadline set by Fed. R. Bankr. P. 4007(c)**

Bankruptcy Rule 4007(c) provides the following:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion <u>shall be filed before the time has expired</u>. (emphasis added)

F&D has asserted that the bankruptcy court, as a court of equity, can extend the deadline even on motion filed after the time has expired. It contends a one-day extension would not prejudice the Morrisons' interest. In the Eleventh Circuit, however, longstanding law would indicate otherwise.

Two Eleventh Circuit cases are very similar to the facts in this one. In <u>Byrd v. Alton</u> (<u>In re Alton</u>), 837 F.2d 457 (11th Cir. 1988) a creditor's complaint against the debtor was also pending in U.S. District Court when the debtors filed bankruptcy. (<u>Alton</u> involved a Chapter 11 bankruptcy.) The debtor did not list the creditor in his schedules; therefore, the bankruptcy court sent no notice to the creditor. In the Morrison bankruptcy, the original notice was returned to the court since the

address listed was incorrect. As in this case, the debtor in <u>Alton</u> sent the creditor a notice that he had filed bankruptcy approximately two weeks after the filing. The creditor acknowledged that this notice was received. However, the creditor did not receive the formal written notice of the bar date for filing complaints until several weeks after the deadline passed. He then filed an application to extend the time to file a complaint.

One of the grounds the creditor asserted for extension was that the debtor had caused him to miss the deadline; and, therefore, equity demanded an extension of the time to file a complaint. The Eleventh Circuit rejected this argument stating:

> At the outset, we reject Byrd's equities argument. It is true that there are some disturbing aspects to this case. We are particularly troubled that debtor Alton did not include appellant Byrd on the list of creditors made out pursuant to 11 U.S.C. sec. 521 and filed with his bankruptcy petition; and yet, some three weeks later, debtor Alton, through his attorneys, sent Byrd notice of the petition for a Chapter 11 reorganization and notice of the automatic stay. Thus, debtor Alton, by his own actions, first deprived creditor Byrd of official notice at various stages of the proceedings pursuant to the Bankruptcy Code by omitting Byrd from the creditor list; and Alton then <u>put Byrd on actual notice</u> that a proceeding was pending by mailing the notice of the proceeding and of the stay.
>
> The actual notice deprived Byrd of making any later claim of nondischargeability of this claim on the ground of lack of knowledge. ...
>
> Appellant emphasizes these harsh facts. "We agree that this is a hard case, but we cannot agree that it should be allowed to make bad law." <u>FCC v. Woko, Inc.</u>, 329 U.S. 223, 229, 67 S.Ct. 213, 216, 91 L.Ed. 204 (1946) (Jackson, J.). Despite the misleading actions, inadvertent or intentional, of debtor Alton, the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim. ... Appellants equities argument is thus rejected.
>
> Appellant's interpretation of the Bankruptcy Code and Rules is also unavailing. The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made <u>before</u> the running of that period. There is "almost

> universal agreement that the provisions of F.R.B.R. 4007(c) are mandatory and do not allow the Court any discretion to grant a <u>late filed</u> motion to extend time to file a dischargeability complaint." <u>See</u> <u>In re Maher</u>, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985)(and cases cited therein).

<u>Alton</u>, 837 F.2d at 458-59.

In <u>Durham Ritz, Inc. v. Williamson</u> (<u>In re Williamson)</u>, 15 F.3d 1037 (11th Cir. 1994), the creditor received a notice of the Chapter 11 bankruptcy petition, but the notice incorrectly stated that the deadline for filing complaint was "to be set." No further notice was sent. The deadline under Fed. R. Bankr. P. 4007(c) was 60 days after the first day set for the meeting of creditors.

One of the grounds asserted by the creditor was that equity demanded that the court allow the late complaint to be heard on its merits. The Eleventh Circuit nevertheless held that:

> The equities in this case do not justify the disregard of the time provisions in the Bankruptcy Code. "[T]he time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor [Durham] to follow the case and to take the timely action necessary to pursue [its] claim." <u>Id.</u> At 459. The difference between no notice from the clerk and the "to be set" notice in this case does not justify different treatment. In both cases the creditor was on actual notice of the pending action. Durham could have protected itself by simply filing within the sixty day period set forth in Rule 4007. It was Durham's inaction and not any action by ... (the debtor) or the court that caused the filing to be late. Any harm to Durham could have been avoided by simply following Rule 4007.

That has been the traditional, and strict, construction of the code and the rules in this circuit.

Both the <u>Alton</u> and the <u>Williamson</u> cases were decided by the Eleventh Circuit prior to the United States Supreme Court's <u>Kontrick v. Ryan</u>, 540 U.S. 443 (2004). The <u>Kontrick</u> case, however, was in a very different procedural posture than the Morrison case.

In <u>Kontrick</u>, the creditor's original dischargeability complaint had been filed <u>within</u> the Rule 4007( c) deadline. Later, after the allowed time period for objections had run, the creditor amended the original complaint to add a new count. The debtor answered the amended complaint and did not raise the untimeliness of the amendment, which alleged new grounds for denial of a discharge under

Section 727. After the trial court had awarded the creditor a summary judgment on the amended count, the debtor raised the timeliness issue and asserted that the court had no subject matter jurisdiction over the amended count since it was not filed within the allowed time.

The Supreme Court noted the split in the circuits on the question of whether or not Rule 4004 deadlines were jurisdictional or nonjurisdictional, and noted that the Eleventh Circuit was one of those circuits holding that timeliness was jurisdictional.

The Supreme Court in <u>Kontrick</u> held that Rule 4004 deadline for Section 727 actions is not jurisdictional; and, therefore, is waivable in a way that jurisdictional deadlines would not be. The debtor in <u>Kontrick</u> had failed to raise the issue in a timely manner, the court reasoned, and the defense had been waived.

However, the <u>Kontrick</u> court did not decide whether or not courts have the discretion to allow late complaints on equitable grounds. The court pointed out that lower courts are divided on this question, and noted that the Eleventh Circuit's <u>Alton</u> case had held Rule 4007(c) conferred no discretion to grant untimely motions to extend time to object. See <u>Kontrick</u>, 540 U.S. at 458.

The <u>Kontrick</u> court noted that the creditor had not claimed there were any equitable grounds for enlarging or extending the deadline for filing complaints, and the question of the court's equitable discretion was not presented. The court went on to state that it assumed, if the debtor had timely objected to the amended complaint, he would have prevailed on the issue. The Supreme Court did point out the relationship between Bankruptcy Rules 9006(b)(3) and Rule 4004. The Supreme Court noted that Rule 4004 applying to objections to debtor's discharge and Rule 4007 relating to the determination of the dischargeability of a debt (the issue in the Morrison case) are essentially the same and that Rule 9006 lists both among the time prescriptions that the bankruptcy courts may enlarge "only to the extent and under the conditions stated in the rules themselves".

Rule 4007(c) states that an objection or a motion to extend the deadline for objecting to discharge of a debt must be filed <u>within</u> the 60 days after the first date set for the meeting of creditors. The rule clearly specifies that "The motion shall be filed before the time has expired". Rule 9006(b)(3) provides "The court may enlarge the time for taking action under Rules ... 4007(c) ... only to the extent and under the conditions stated in those rules."

The debate still continues in the lower courts. Some courts have interpreted this language to mean that there are <u>no</u> equitable grounds allowing extension of the Rule 4007(c) deadline. <u>See</u> <u>Francis v. Eaton</u> (<u>In re Eaton</u>), 327 B.R. 79, 85 (Bankr. D. N.H. 2005) (interpreting <u>Kontrick</u>).

The Sixth Circuit has held otherwise. In the case of <u>Nardei v. Maughan</u> ( <u>In re Maughan</u>), 340 F.3d 337 (6th Cir. 2003), the court held that the limitation set out in Rule 9006 must be read together with the general powers granted bankruptcy courts in 11 U.S.C. § 105. It reasoned that a bankruptcy court using its Section 105 powers can allow the late filing of a dischargeability complaint if required by the equities.

**II.**

**<u>The facts in this case do not justify extension</u>**
**<u>under either school of legal thought</u>**.

This court will not address the issues of whether it can use its equitable powers to extend the Rule 4007( c) deadline when the motion to extend is not filed until after the deadline has already run. It is not necessary to do so to resolve this contested matter.

Assuming, without deciding the issue, that the court <u>could</u> allow a late complaint objecting to discharge or a late motion to extend, the equities do not justify such a result in the F&D/Morrison case. F&D has admitted that it was aware of the bankruptcy petition two weeks after it was filed, that it attended the first meeting of creditors, and that it had five weeks after the conclusion of the

meeting to either file a motion to extend time, or the nondischargeability complaint itself.

F&D was actively represented by attorneys throughout the time period. The creditor chose not to do anything until one day after the deadline ran out. F&D was late due only to its choice, not to anything the debtors did or did not do. "Any harm to [F&D] could have been avoided by simply following Rule 4007.", to paraphrase Williamson, 15 F.3d at 1040. The factual equities of this case do not demand an extension, even if this court found it had the right to do so.

## CONCLUSION

The creditor's motion to extend the deadline for filing a nondischargeability complaint against Morrison after July 11, 2005, must be **DENIED.** The court will enter a separate order which is consistent with these findings pursuant to Fed. R. Bankr. P. 7052.

**DONE and ORDERED** this November 17, 2005.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge